UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

      - v. –

MICHAEL CASTILLERO,
    a/k/a "Michael Alejandro,"
FRANCINE LANAIA, and
BRIAN MARTINSEN,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

x

x

**INDICTMENT**

23 Cr. \_\_\_

**23 CRIM   622**

## Overview

1.     From at least in or about 2017 through at least in or about April 2022, MICHAEL CASTILLERO, a/k/a "Michael Alejandro," FRANCINE LANAIA, and BRIAN MARTINSEN, the defendants, engaged in a scheme to defraud investors in a group of nine related private funds known generally as the "StraightPath Funds." In particular, the defendants, and others working at their direction, used "boiler room"-style call centers to market the StraightPath Funds, including to individual, non-professional investors, as presenting an opportunity to invest in privately held companies expected to go public in the near future ("pre-IPO companies"). The defendants purported to offer investors the chance to acquire shares in pre-IPO companies at favorable prices in advance of an anticipated public offering, at which time, they claimed, the shares would be worth significantly more.

2.     Although the defendants and their agents represented to existing and prospective investors in the StraightPath Funds that they earned no upfront fees in connection with the StraightPath Funds' acquisition of pre-IPO shares, in reality, and contrary to their fiduciary duties, the defendants acquired the shares and then sold them to investors at arbitrarily inflated and

excessive prices without disclosing to investors the nature or extent of the markup. The defendants also misled investors regarding the nature of their investments and hid the involvement of MICHAEL CASTILLERO, a/k/a "Michael Alejandro," and FRANCINE LANAIA, the defendants, who had been previously barred from the securities industry by the Financial Industry Regulatory Authority ("FINRA"). Moreover, in order to evade detection of their scheme, CASTILLERO and BRIAN MARTINSEN, the defendant, destroyed records and otherwise obstructed the efforts of the United States Securities and Exchange Commission ("SEC") to uncover the defendants' fraud on investors.

### Background

3.     Privately held companies, in contrast to public companies, are generally both more difficult to invest in and more difficult to acquire information about. While shares in public companies are, by definition, traded on public exchanges, and thus have an easily discernible market price, sales of shares in private companies, and the prices of those shares, are negotiated between buyer and seller and may not be disclosed to other investors. Further, while public companies must file financial statements and other information with the SEC, private companies are generally not required to provide information about their financial soundness, revenue, or expected growth to the public. MICHAEL CASTILLERO, a/k/a "Michael Alejandro," FRANCINE LANAIA, and BRIAN MARTINSEN, the defendants, exploited the relative opacity of and lack of retail-investor access to the pre-IPO market by offering interests in pre-IPO shares at inflated prices, while portraying their alleged access to private shares as a tremendous opportunity for retail investors to invest early in closely held high-tech and high-growth startups.

4.     MICHAEL CASTILLERO, a/k/a "Michael Alejandro," FRANCINE LANAIA, and BRIAN MARTINSEN, the defendants, conducted this scheme through several related entities.

2

Among those entities was StraightPath Venture Partners LLC ("SPVP"), which was, at all times relevant to this Indictment, the manager of the nine StraightPath Funds. CASTILLERO, LANAIA, and MARTINSEN also controlled StraightPath Management LLC (the "SP Adviser"), which was the investment adviser to each of the StraightPath Funds.

**The Scheme to Defraud**

5.      In order to generate interest in the StraightPath Funds among retail investors, MICHAEL CASTILLERO, a/k/a "Michael Alejandro," FRANCINE LANAIA, and BRIAN MARTINSEN, the defendants, used finders, or "referral agents," to pitch prospective investors and thereafter to serve as the investors' primary point of contact. The defendants utilized "boiler room"-style call centers in which salespeople cold-called potential investors, many of whom were not sophisticated, and gave aggressive sales pitches using notes and pitch scripts. Contrary to the defendants' claim that they and their agents did not make money unless and until investors received a profit on their investments, SPVP paid referral agents a commission, typically a 10 to 15 percent front-end fee based on the amount of the investment, plus a portion of the carried interest on the back end.

6.      In addition to misleading prospective investors about the compensation paid to referral agents, MICHAEL CASTILLERO, a/k/a "Michael Alejandro," FRANCINE LANAIA, and BRIAN MARTINSEN, the defendants, defrauded investors in the StraightPath Funds, for which they acted as fiduciaries, by (a) charging investors excessive and undisclosed markups on share prices of pre-IPO companies, which benefited the defendants and their associates at the expense of investors and the StraightPath Funds; (b) routinely overstating to investors the number of pre-IPO shares that backed the interests in StraightPath Funds they sold; (c) falsely representing that investors were investing in a specific "Series" within a specific StraightPath Fund and that

3

their contributions correlated to specific shares of specific pre-IPO companies, when, in actuality, investor funds were commingled across Series and Funds and used for purposes not disclosed to investors, including to pay out other investors and to compensate the defendants and their associates; (d) falsely representing that a particular individual ("Fund Manager-1") acted as manager of each of the StraightPath Funds and the SP Adviser when, in actuality, CASTILLERO, LANAIA, and MARTINSEN performed the functions ascribed to Fund Manager-1 in StraightPath's offering documents including, among other things, using an email address in the name of Fund Manager-1 to correspond with investors; and (e) otherwise actively taking steps to prevent investors from learning about LANAIA's and CASTILLERO's leadership roles in light of the fact that both had been suspended and later permanently barred from involvement in the securities industry by FINRA.

7.       In total, during the course of their scheme, from in or about 2017 through in or about April 2022, MICHAEL CASTILLERO, a/k/a "Michael Alejandro," FRANCINE LANAIA, and BRIAN MARTINSEN, the defendants, and their agents, solicited investments into the StraightPath Funds of approximately $386 million from at least 2,000 investors. CASTILLERO, LANAIA, and MARTINSEN used much of these investor funds to enrich themselves and their associates and referral agents. CASTILLERO, LANAIA, and MARTINSEN themselves received a total of more than $74 million in investors' funds, much of which was not disclosed to investors or in accordance with the StraightPath Funds offering documents. The defendants also paid tens of millions of dollars in investor funds to their associates and referral agents, despite having made and caused to be made explicit representations to investors that fees were not being charged or were being waived. In all, approximately 30 percent of the capital contributions the StraightPath Funds received from investors was diverted to pay the defendants and their associates.

4

8. In addition to deceiving investors about how their money was being used, the defendants lied to investors about who was managing that money. In particular, at all times relevant to this Indictment, Fund Manager-1 was listed in offering memoranda, communications, and other documents as the manager of the SP Adviser and each of the StraightPath Funds. In actuality, MICHAEL CASTILLERO, a/k/a "Michael Alejandro," FRANCINE LANAIA, and BRIAN MARTINSEN, the defendants, founded and jointly controlled SPVP, the SP Adviser, and each of the StraightPath Funds. At various times relevant to this Indictment, each of MARTINSEN, CASTILLERO, and LANAIA downplayed their own roles in the management of the StraightPath Funds and exaggerated Fund Manager-1's role in order to conceal from investors and regulatory bodies, including the SEC, the true nature of their involvement in and control over SPVP, the SP Adviser, and each of the StraightPath Funds. In particular:

a. From in or about 2017 up to and including in or about February 2019, CASTILLERO was, on paper, the majority beneficial owner of the SP Adviser and SPVP and the control person of the two Funds then in existence: SP Ventures Fund, LLC and SP Ventures Fund 2, LLC. At that time, CASTILLERO used the title Managing Director. In February 2019, CASTILLERO was permanently barred from associating with any member of FINRA for refusing to appear in FINRA proceeding. At that point, CASTILLERO's interests in the SP Adviser and SPVP were transferred, on paper, to MARTINSEN, but nevertheless CASTILLERO continued to oversee SPVP operations as before. CASTILLERO took further steps to conceal the nature of his involvement in SPVP, including changing his email address to "Michael Alejandro," his first name and middle name. As a result of these deceptive measures, CASTILLERO's role in SPVP, under any name or any title, was never disclosed to investors in any of the StraightPath Funds' offering documents.

b.      In February 2019, after CASTILLERO was permanently barred from the securities industry by FINRA, CASTILLERO transferred his interests in the SP Adviser and SPVP to MARTINSEN. Offering memoranda for SP Fund 3, LLC through SP Fund 9, LLC describe MARTINSEN as having been appointed the Director of SPVP and the SP Adviser in February 2019. Although MARTINSEN was one of the founders of SPVP and helped control its operations beginning in or about 2017, he was not mentioned in the offering documents for the first two StraightPath Funds, which were established in 2017 and 2018, respectively.

c.      LANAIA provided the seed money to found SPVP and, at all times relevant to this Indictment, maintained a leadership role consistent with that of an officer or director. Nonetheless, LANAIA's role was never disclosed to investors, and she regularly sent and responded to emails using Fund Manager-1's email account and signed documents for him using a rubber stamp bearing his signature. LANAIA was formerly a registered broker-dealer but was suspended from association with any FINRA member in early 2018 for failure to disclose outstanding civil judgments on FINRA forms. Her suspension became a permanent bar in October 2018.

### The Scheme to Obstruct

9.      Throughout the time period relevant to this Indictment, MICHAEL CASTILLERO, a/k/a "Michael Alejandro," FRANCINE LANAIA, and BRIAN MARTINSEN, the defendants, actively took steps to conceal the true nature of SPVP's operations not only from investors but also from regulatory bodies, including FINRA and the SEC. For example:

a.      In 2018 and 2019, SEC staff conducted a voluntary examination of the SP Adviser and related entities. In text messages on or about November 30, 2018, CASTILLERO, LANAIA, and MARTINSEN discussed the need to tell a particular sales agent not to come to the

6

StraightPath offices on the day the SEC staff was expected to visit so that they could pretend that the sales agent's desk belonged to Fund Manager-1.

   b.  On or about December 10, 2019, MARTINSEN gave sworn testimony to FINRA. During that testimony, MARTINSEN was evasive, pretended not to know the answers to questions on numerous topics related to his work at StraightPath, and averred that Fund Manager-1 was in charge of, and the only person with knowledge of, many aspects StraightPath's operations. MARTINSEN's testimony included numerous false and misleading statements, including (i) that he was not truly a "managing director" of StraightPath, and that the titles in his StraightPath email signature referring to him as "Managing Director/Founder" appeared there due to an error in setting up MARTINSEN's email account; (ii) that CASTILLERO's role at SPVP was "clerical" following his FINRA ban and that CASTILLERO's ownership rights had been terminated; (iii) that Fund Manager-1 made all decisions about which pre-IPO companies the StraightPath Funds should acquire; and (iv) that LANAIA was a contractor recruited and overseen by Fund Manager-1, but that MARTINSEN did not know what her role at StraightPath was, work with her, interact with her in a professional capacity, or even know whether she was at the time still conducting consulting services for StraightPath.

   c.  In text messages on or about February 4, 2021, after SEC enforcement staff opened an investigation into StraightPath, MARTINSEN, CASTILLERO, and LANAIA discussed making Fund Manager-1 the scapegoat with the SEC, in the event the SEC identified any problems with StraightPath's operations. MARTINSEN then added, "Fran is going to wamboosle the sec lady tomorrow. They will talk weather for 45 min and the lady will forget what she's looking for."

d.      In early May 2021, MARTINSEN and CASTILLERO agreed to and did delete certain email records that had been called for by an SEC subpoena and then falsely represented to SEC staff that the emails had never existed.

## Statutory Allegations

## COUNT ONE
**(Conspiracy to Commit Securities Fraud, Wire Fraud, and Investment Adviser Fraud)**

The Grand Jury charges:

10.     The allegations contained in paragraphs 1 through 9 of this Indictment are repeated and realleged as if fully set forth herein.

11.     From at least in or about 2017 through in or about April 2022, in the Southern District of New York and elsewhere, MICHAEL CASTILLERO, a/k/a "Michael Alejandro," FRANCINE LANAIA, and BRIAN MARTINSEN, the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, securities fraud in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5; wire fraud, in violation of Title 18, United States Code, Section 1343; and investment adviser fraud, in violation of Title 15, United States Code, Sections 80b-6 and 80b-17.

12.     It was a part and an object of the conspiracy that MICHAEL CASTILLERO, a/k/a "Michael Alejandro," FRANCINE LANAIA, and BRIAN MARTINSEN, the defendants, and others known and unknown, willfully and knowingly, directly and indirectly, by the use of a means and instrumentality of interstate commerce, and of the mails and of a facility of a national securities exchange, would and did use and employ, in connection with the purchase and sale of a security,

8

a manipulative and deceptive device and contrivance, in violation of Title 17, Code of Federal Regulations, Section 240.l0b-5, by: (a) employing a device, scheme, and artifice to defraud; (b) making an untrue statement of a material fact and omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in an act, practice, and course of business which operated and would operate as a fraud and deceit upon a person, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.l0b-5.

13.     It was a further part and an object of the conspiracy that MICHAEL CASTILLERO, a/k/a "Michael Alejandro," FRANCINE LANAIA, and BRIAN MARTINSEN, the defendants, and others known and unknown, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

14.     It was a further part and an object of the conspiracy that MICHAEL CASTILLERO, a/k/a "Michael Alejandro," FRANCINE LANAIA, and BRIAN MARTINSEN, the defendants, and others known and unknown, while acting as investment advisors, willfully and knowingly would and did use the mails and a means and instrumentality of interstate commerce, directly and indirectly, to (a) employ a device, scheme, and artifice to defraud clients and prospective clients; (b) engage in a transaction, practice, and course of business which operated as a fraud and deceit upon clients and prospective clients; and (c) engage in an act, practice, and course of business

9

which was fraudulent, deceptive, and manipulative, in violation of Title 15, United States Code, Sections 80b-6 and 80b-17.

Overt Acts

15.    In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed and caused to be committed in the Southern District of New York and elsewhere:

a.    On or about September 10, 2018, MARTINSEN directed LANAIA to conceal CASTILLERO's affiliation with StraightPath by blind copying him on emails with investors.

b.    On or about August 19, 2020, MARTINSEN solicited investor funds by claiming that shares of a particular pre-IPO company were available for purchase, despite having just been informed by CASTILLERO that such shares were "completely sold out."

c.    On or about February 2, 2021, CASTILLERO, LANAIA, and MARTINSEN agreed to and did charge an investor $50 per share for a particular pre-IPO company, despite having just purchased those shares at prices ranging from $24 to $33 per share.

d.    On or about August 5, 2021, MARTINSEN directed the transfer of $4.7 million in investor funds to the SPVP operating account and, thereafter, paid nearly all of that money to himself, CASTILLERO, and LINAIA.

(Title 18, United States Code, Section 371).

## COUNT TWO
### (Securities Fraud)

The Grand Jury further charges:

16.    The allegations contained in paragraphs 1 through 9 and 15 of this Indictment are repeated and realleged as if fully set forth herein.

17.    From at least in or about 2017 through in or about April 2022, in the Southern District of New York and elsewhere, MICHAEL CASTILLERO, a/k/a "Michael Alejandro," FRANCINE LANAIA, and BRIAN MARTINSEN the defendants, willfully and knowingly, directly and indirectly, by the use of a means and instrumentality of interstate commerce, and of the mails and of a facility of a national securities exchange, used and employed, in connection with the purchase and sale of a security, a manipulative and deceptive device and contrivance, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing a device, scheme, and artifice to defraud; (b) making an untrue statement of a material fact and omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in an act, practice, and course of business which operated and would operate as a fraud and deceit upon a person , in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5, to wit, CASTILLERO, LANAIA, and MARTINSEN, and others working at their direction, made false and misleading statements to investors about StraightPath's operations, and the pricing and availability of StraightPath's pre-IPO shares, and misappropriated investor funds.

(Title 15, United States Code, Sections 78j(b) and 78ff;
Title 18, United States Code, Section 2).

11

## COUNT THREE
### (Wire Fraud)

The Grand Jury further charges:

18.    The allegations contained in paragraphs 1 through 9 and 15 of this Indictment are repeated and realleged as if fully set forth herein.

19.    From at least in or about 2017 through in or about April 2022, in the Southern District of New York and elsewhere, MICHAEL CASTILLERO, a/k/a "Michael Alejandro," FRANCINE LANAIA, and BRIAN MARTINSEN the defendants, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds for the purpose of executing such scheme and artifice, to wit, CASTILLERO, LANAIA, and MARTINSEN, and others working at their direction, made false and misleading statements to investors about StraightPath's operations, and the pricing and availability of StraightPath's pre-IPO shares, and misappropriated investor funds, including using interstate wires, some of which transited through the Southern District of New York.

(Title 18, United States Code, Sections 1343 and 2).

## COUNT FOUR
### (Investment Adviser Fraud)

The Grand Jury further charges:

20.    The allegations contained in paragraphs 1 through 9 and 15 of this Indictment are repeated and realleged as if fully set forth herein.

21.    From at least in or about 2017 through in or about April 2022, in the Southern District of New York and elsewhere, MICHAEL CASTILLERO, a/k/a "Michael Alejandro,"

12

FRANCINE LANAIA, and BRIAN MARTINSEN the defendants, while acting as investment advisors, willfully and knowingly used the mails and a means and instrumentality of interstate commerce, directly and indirectly, to (a) employ a device, scheme, and artifice to defraud clients and prospective clients; (b) engage in a transaction, practice, and course of business which operated as a fraud and deceit upon clients and prospective clients; and (c) engage in an act, practice, and course of business which was fraudulent, deceptive, and manipulative, to wit, CASTILLERO, LANAIA, and MARTINSEN, in violation of their fiduciary duties, engaged in a scheme to defraud their clients regarding StraightPath's operations and investments, and misappropriated client funds for their own enrichment.

(Title 15, United States Code, Sections 80b-6 and 80b-17;
Title 18, United States Code, Section 2).

## COUNT FIVE
### (Conspiracy to Obstruct Justice)

The Grand Jury further charges:

22.     The allegations contained in paragraphs 1 through 9 and 15 of this Indictment are repeated and realleged as if fully set forth herein.

23.     In or about May 2021, in the Southern District of New York and elsewhere, MICHAEL CASTILLERO, a/k/a "Michael Alejandro," and BRIAN MARTINSEN, the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated and agreed together and with each other to commit an offense against the United States, to wit, obstruction of justice, in violation of Title 18, United States Code, Section 1519.

24.     It was a part and an object of the conspiracy that MICHAEL CASTILLERO, a/k/a "Michael Alejandro," and BRIAN MARTINSEN, the defendants, and others known and unknown, knowingly would and did alter, destroy, mutilate, conceal, cover up, falsify, and make a false entry

13

in a record, document, and tangible object with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of a department and agency of the United States, to wit, CASTILLERO and MARTINSEN agreed to and did delete StraightPath email accounts that had been subpoenaed by the SEC as part of an ongoing investigation and then falsely represented to SEC staff that such email accounts had never existed, in violation of Title 18, United States Code, Section 1519.

### Overt Acts

25.    In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed and caused to be committed in the Southern District of New York and elsewhere:

a.    On or about May 1, 2021, after having received a subpoena from the SEC seeking StraightPath records, MARTINSEN stated that a particular StraightPath sales agent's email communication "puts us at risk," and CASTILLERO agreed, remarking, "An asshole regulator would have a field day."

b.    On or about May 5, 2021, CASTILLERO and MARTINSEN agreed to tell the SEC falsely that StraightPath sales agents "don't have emails," and to delete the relevant email accounts rather than produce responsive records in response to the SEC's subpoena.

(Title 18, United States Code, Section 371).

### COUNT SIX
**(Obstruction of Justice)**

The Grand Jury further charges:

26.    The allegations contained in paragraphs 1 through 9, 15, and 25 of this Indictment are repeated and realleged as if fully set forth herein.

14

27.     In or about May 2021, in the Southern District of New York and elsewhere, MICHAEL CASTILLERO, a/k/a "Michael Alejandro," and BRIAN MARTINSEN, the defendants, knowingly altered, destroyed, mutilated, concealed, covered up, falsified, and made a false entry in a record, document, and tangible object, with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of a department and agency of the United States, to wit, MARTINSEN directed CASTILLERO to delete StraightPath email accounts, which CASTILLERO did, that had been subpoenaed by the SEC as part of an ongoing investigation and then falsely represented to SEC staff that such email accounts had never existed.

(Title 18, United States Code, Sections 1519 and 2).

## **FORFEITURE ALLEGATIONS**

28.     As a result of committing one or more of the offenses charged in Counts One through Four of this Indictment, MICHAEL CASTILLERO, a/k/a "Michael Alejandro," FRANCINE LANAIA, and BRIAN MARTINSEN the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses that the defendants personally obtained, including but not limited to sum of money of at least $386 million.

### Substitute Assets Provision

29.     If any of the above-described forfeitable property, as a result of any act or omission by the defendants:

   a.     cannot be located upon the exercise of due diligence;

   b.     has been transferred or sold to, or deposited with, a third party;

15

     c.      has been placed beyond the jurisdiction of the court;

     d.      has been substantially diminished in value; or

     e.      has been commingled with other property which cannot be divided without

difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and

Title 28, United States Code Section 2461, to seek forfeiture of any other property of the

defendants up to the value of the forfeitable property described above.

(Title 18, United States Code, Section 981(a)(1)(C);
Title 21, United States Code, Section 853(p);
Title 28, United States Code, Section 2461.)

GRAND JURY FOREPERSON

DAMIAN WILLIAMS
United States Attorney