

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

October 29, 2025

**BY ECF**

The Honorable Jesse M. Furman
U.S. District Court Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    ***United States v. Castillero, et al.*, 23 Cr. 622 (JMF)**

Dear Judge Furman:

The Government respectfully writes in response to defendant Francine Lanaia's supplemental request to charge the jury on the issue of multiple conspiracies. (ECF No. 180). While the Government does not necessarily object to the Court instructing the jury on multiple conspiracies, the Government is not clear what issue the defendant's proposal is intended to address. If the defendant intends to argue that the single, overarching conspiracy charged in Count One of the Indictment does not exist and the jury merely heard evidence of other potential conspiracies being insufficiently lumped together, then the Government would propose the Court give a multiple conspiracies instruction using the below language, which is adapted from the Court's charge to the jury in *United States v. Blondet*, 16 Cr. 387 (JMF) (Tr. 2227-28):

> Count One charges a conspiracy to commit securities fraud, wire fraud, and investment adviser fraud whose members included the defendants. The defendants argue that, with respect to the conspiracy charged in Count One, there were actually several separate and independent conspiracies with various groups of members.
>
> Whether there existed a single unlawful agreement or many such agreements or, indeed, no agreement at all is a question of fact for you, the jury, to determine in accordance with the instructions I am about to give you.
>
> When two or more people join together to further one common unlawful design or purpose, a single conspiracy exists. By way of contrast, multiple conspiracies exist when there are separate unlawful agreements to achieve distinct purposes.

Proof of several separate and independent conspiracies is not proof of the single, overall conspiracy charged in Count One of the Indictment unless one of the conspiracies proved happens to be the single conspiracy described in the Indictment.

You may find that there was a single conspiracy despite the fact that there were changes in personnel, activities, or both, so long as you find beyond a reasonable doubt that some of the coconspirators continued to act for the duration of the conspiracy for the purposes charged in Count One of the Indictment. The fact that the members of a conspiracy are not always identical does not necessarily imply that separate conspiracies exist. In addition, the existence of subgroups or subunits within a larger conspiracy does not necessarily mean that the larger conspiracy does not exist.

On the other hand, if you find that the conspiracy charged in Count One of the Indictment did not exist, you cannot find any defendant guilty of the single conspiracy charged in Count One. This is so even if you find that some conspiracy other than the one charged in Count One existed, even though the purposes of both conspiracies may have been the same, and even though there may have been some overlap in membership.

Similarly, if you find that the defendant you are considering was a member of another conspiracy, and not the one charged in the Indictment, then you must acquit that defendant of the conspiracy charge. Keep in mind, however, that a person can be part of more than one conspiracy at the same time, and his or her actions can further the interests of more than one conspiracy at the same time.

Therefore, what you must do is determine whether the conspiracy charged in Count One of the Indictment existed. If it did, you then must determine the nature of the conspiracy and who were its members.

If the defendant is instead concerned, however, that the jury will improperly use evidence related to other criminal conspiracies to convict the defendants on Count One, such as the Knightsbridge conspiracy Lisser testified to, then the Government submits that the addition of an essentially limiting instruction, including some but not all of the language from *Blondet* would be more appropriate:

Count One charges the defendants with conspiracy to commit securities fraud, wire fraud, and investment adviser fraud through their operation of StraightPath Venture Partners and its funds. I will refer to this conspiracy as the StraightPath conspiracy. During this

trial, you have heard evidence of other entities and groups of people that may have engaged in criminal activity, such as Legend Venture Partners and Knightsbridge. While the admission of that evidence was wholly proper and you may consider it in your deliberations, the only conspiracy that the defendants are charged with is the StraightPath conspiracy.

You must consider whether the Government has proven beyond a reasonable doubt that the StraightPath conspiracy charged in Count One existed, and that the defendant you are considering knowing and intentionally joined that conspiracy, not any other.

If you find that the defendant you are considering was a member of another conspiracy, and not the StraightPath conspiracy charged in the Indictment, then you must acquit that defendant of the conspiracy charge. Keep in mind, however, that a person can be part of more than one conspiracy at the same time, and his or her actions can further the interests of more than one conspiracy at the same time.

Finally, if the defendant's argument is simply that while her codefendants may have had a conspiracy, she was not a member of the StraightPath conspiracy, the standard membership in a conspiracy instruction is sufficient to advise the jury of the applicable law.

Respectfully submitted,

JAY CLAYTON
United States Attorney
Southern District of New York

By:    /s/ _____
       Allison Nichols
       Adam S. Hobson
       Matthew R. Shahabian
       Assistant United States Attorneys
       Southern District of New York
       (212) 637- 2366 / 2484 / 1046

Cc: Counsel of record (by ECF)