# ZMO LAW PLLC

May 18, 2026

*Via ECF and email*

Hon. Jesse M. Furman
Southern District of New York
Thurgood Marshall US Courthouse
40 Foley Square
New York, NY 10007

RE: *U.S. v. Michael Castillero*, 23 Cr. 00622 (JMF)

Dear Judge Furman:

I, along with Daniel McGuinness, represent Michael Castillero in the above-captioned matter. We write pursuant to the Court's order dated May 1, 2026, ECF No. 225, and in response to the government's letter dated May 13, 2026, ECF No. 228, regarding Mr. Castillero's media appearances.

As an initial matter, we note that much of the government's letter constitutes a re-litigation of the trial evidence and the nuanced legal arguments which took place over the course of the trial. Mr. Castillero's subjective views regarding the quality of the trial evidence and his layman's interpretation of the legal meaning of concepts like "investment advisor" do not constitute falsehoods. Mr. Castillero maintained his innocence at trial and intends to appeal his conviction on both factual and legal grounds. His statements inartfully reflect many of the arguments that will be made on appeal.

In addition, we note a few specific areas where the government overstates the nature and significance of the alleged false statements made by Mr. Castillero that fall outside the scope of the anticipated appellate issues:

## 1.  Political Motivations Behind the Prosecution of Mr. Castillero

Mr. Castillero believes that he was prosecuted due to his support of President Donald Trump. Mr. Castillero has been a staunch and outspoken supporter of President Trump prior to the commencement of this case. President Trump has repeatedly stated that the Department of Justice under President Joe Biden was weaponized against him and his supporters.

For example, shortly after assuming office in 2025, President Trump issued an order which stated, in part,

ZMO Law PLLC

> The American people have witnessed the previous administration engage in a systematic campaign against its perceived political opponents, weaponizing the legal force of numerous Federal law enforcement agencies and the Intelligence Community against those perceived political opponents in the form of investigations, prosecutions, civil enforcement actions, and other related actions. These actions appear oriented more toward inflicting political pain than toward pursuing actual justice or legitimate governmental objectives.[1]

President Trump has regularly granted pardons justified by claims of political motivations underlying prosecutions.[2] The White House press secretary, Karoline Leavitt, stated that President Trump "was most interested in looking at pardoning individuals who were abused and used by the Biden Department of Justice and were overprosecuted by a weaponized DOJ."[3] When explaining one pardon, President Trump stated, "I was told that he was a victim, just like I was and just like many other people, of a vicious, horrible group of people in the Biden administration."[4]

Furthermore, Mr. Castillero's guilt or innocence is not determinative of the motivations underlying his criminal prosecution. The government cannot—and does not—investigate and prosecute every federal crime. Mr. Castillero is entitled to draw his own conclusions as to why his company faced scrutiny from the government which led to his prosecution.

The government's denial of these motivations does not convert Mr. Castillero's statements of his subjective belief regarding the impetus for the investigation into StraightPath into a falsehood. He is merely echoing a belief regarding the motivations of the Department of Justice under President Biden which is alleged and repeatedly expressed by President Trump.

---

[1] Ending the Weaponization of the Federal Government, Exec. Order No. 14147, 90 Fed. Reg. 8235 (Jan. 20, 2025), *available at* https://www.federalregister.gov/documents/2025/01/28/2025-01900/ending-the-weaponization-of-the-federal-government

[2] Owen Auston-Babcock & Megan Shannon, *Trump's Pardons Forgive Financial Crimes That Came with Hundreds of Millions in Punishments*, NBC News (Jan. 20, 2026, 5:00 AM), https://www.nbcnews.com/politics/trump-administration/trumps-pardons-forgive-financial-crimes-came-hundreds-millions-punishm-rcna248277.

[3] *Id.*

[4] *Id.*

5/18/26
Page 2

ZMO Law PLLC

## 2. Denaturalization

Mr. Castillero maintains that, based on conversations with prior counsel, he understood that he risked denaturalization if he did not cooperate with the government. Notably, the proffers occurred between January 30, 2025 and March 3, 2025, a time where there were discussions about a potential effort by the federal government to denaturalize those convicted of crimes.[5]

## 3. Legal Fees

Mr. Castillero's statements about attorney costs encompass the legal fees accrued over the course of the civil investigations and the civil lawsuit, as well as the criminal case. The civil investigations and litigation have spanned many years with significant legal fees incurred by Mr. Castillero and his business partners.

Very truly yours,

*Tess Cohen*

Tess Cohen
Partner

CC: AUSA Alison Nichols, AUSA Matthew Shahabian

---

[5] *See e.g.* Lauren Villagran, *Trump Revives Push to Denaturalize US Citizens*, USA Today (Jan. 27, 2025), https://www.usatoday.com/story/news/politics/2025/01/27/trump-resumes-threat-to-denaturalize-citizens/77905612007/